# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| PAMELA FLICK and MARY DOWLING-STEFANSKI, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CAUSE NO.: 2:08-CV-211-JVB-PRC ) |
| WELLPOINT, INC. and RAYMOND J. AIMONE, Defendants. | ) ) ) |

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion to Compel [DE 22], filed by Plaintiffs Pamela Flick and Mary Dowling-Stefanski on May 18, 2009. Defendants Wellpoint, Inc. ("WellPoint") and Raymond J. Aimone filed a response on May 26, 2009, and Plaintiffs filed a Reply on May 29, 2009. For the reasons set forth below, the Court grants in part and denies in part Plaintiffs' Motion to Compel.

Plaintiff Flick was employed by WellPoint from May 30, 2006, until WellPoint terminated her employment in January 2008, and Plaintiff Dowling-Stefanski was employed by WellPoint from May 30, 2006, until September 4, 2007. While employed by WellPoint, Plaintiffs worked as health insurance agents at WellPoint's Merrillville, Indiana Office ("Merrillville Office"). Plaintiffs worked with two other WellPoint agents at the Merrillville Office, Raymond Aimone and Jerry Panozzo.

On July 21, 2008, Plaintiffs filed their Complaint in the instant matter, alleging that Aimone made sexually inappropriate remarks to Plaintiffs, touched Plaintiffs in sexually inappropriate ways, and otherwise sexually harassed the Plaintiffs on a regular basis. All of Aimone's alleged harassing

conduct toward Plaintiffs occurred either inside the Merrillville Office or in the Merrillville Office parking lot. In their Complaint, Plaintiffs seek back pay and lost future wages.

## ANALYSIS

In the instant Motion to Compel, Plaintiffs ask the Court to Order WellPoint to (1) allow Plaintiffs to inspect and photograph WellPoint's Merrillville Office and (2) provide Plaintiffs with a complete answer to Interrogatory No. 1 of Plaintiffs' Second Set of Interrogatories.

Federal Rule of Civil Procedure 26(b)(1) permits discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Nevertheless, the Federal Rules require a court to

> limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).

Rule 37(a) allows a party to move for an order compelling discovery, including an order compelling an answer or inspection. *See* Fed. R. Civ. P. 37(a)(3)(B). The Court has broad discretion when deciding whether to compel discovery. *See Patterson v. Avery Dennison Corp.*, 281

F.3d 676, 681 (7th Cir. 2002) (addressing discovery in an employment discrimination case). The Court addresses each of Plaintiffs' discovery requests in turn.

### A. Request for Inspection of Merrillville Office

Federal Rule of Civil Procedure 34 provides that a party may "serve on any other party a request within the scope of Rule 26(b) . . . to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." Fed. R. Civ. P. 34(a)(2). On October 13, 2008, Plaintiffs served WellPoint with the following request to inspect the Merrillville Office pursuant to Rule 34: "Plaintiffs request that the Defendants' permit the Plaintiffs and their undersigned counsel to enter upon, inspect, and photograph the following premises: 1000 East 80th Place, Suite 503 South, Merrillville, Indiana 46410." Pl. Br., Exh. C. On December 11, 2008, WellPoint objected to the request as overbroad, unduly burdensome, and undefined, vague, and ambiguous. The parties engaged in a series of communications in an attempt to resolve this dispute, which ended without resolution on May 5, 2009, and led to the instant motion.

The Court finds that Plaintiffs' request to inspect the offices where the alleged sexual harassment occurred in order to photograph the layout of the offices is relevant under Rule 26. A plaintiff alleging a sexually hostile work environment must establish that the "allegedly hostile conduct was so severe or pervasive as to create an abusive working environment in violation of Title VII." *Russell v. Bd. of Trs. of the Univ. of Illinois at Chi.*, 243 F.3d 336, 342-43 (7th Cir. 2001). The "specific circumstances of the working environment" is a key factor courts consider in determining whether sexual harassment has taken place. *Robinson v. Sappington*, 351 F.3d 317, 330

(7th Cir. 2003) (citing *Quantock v. Shared Mktg. Servs., Inc.*, 312 F.3d 899 (7th Cir. 2002); *Smith v. Northwest Fin. Acceptance, Inc.*, 129 F.3d 1408, 1414 (10th Cir. 1997)) (noting that these cases addressed "close working quarters" and an "intimate office setting"). In this case, all of the alleged sexual harassment took place at WellPoint's Merrillville Office or in its parking lot. For example, Flick stated in her deposition that Aimone stood behind her cubicle and leered at her, and Dowling-Stefanski testified in her deposition that Aimone would look over her cubicle and look down her top. Ms. Dowling-Stefanski testified that while his door was open, Aimone would grope his crotch while spreading his legs back and forth. Ms. Flick testified that Aimone would follow her to the restroom and touch her breasts, or press his erection up against her buttocks as she was trying to walk through the doors in the office. The Court finds that the layout of the Merrillville Office is relevant to Plaintiffs' allegations of sexual harassment, and that photographs of the Office will assist Plaintiffs in demonstrating the layout of the working environment and its relationship to the alleged harassment.

The Court finds that Plaintiffs cannot obtain this relevant information from any other source, and Defendants have not proposed a reasonable alternative. This request is not duplicative or cumulative of the rough handmade diagrams that Plaintiffs drew during their depositions at the request of counsel for Defendants at least a year after they left their employment with WellPoint. Defendants suggest that the photographs may not be admissible but offer no grounds on which the photographs may be inadmissible, and Rule 26(b)(1) specifically provides that admissibility at trial is not a prerequisite to relevant discovery.

Finally, with certain practical restrictions, the Court finds that Plaintiffs' request for inspection complies with the requirements of Rule 34 and is not unduly burdensome. Plaintiffs have

4

described with reasonable particularity the location of the requested inspection. In an attempt to resolve the dispute over the language of the original Rule 34 request, Plaintiffs clarified that they are "not requesting carte blanche authority to inspect anything and everything within the Merrillville office. Rather, Plaintiffs' inspection will be limited to inspecting and photographing the spacial[sic] setting of the Merrillville office." Pl. Br., Exh. D. Although this request necessarily encompasses the entire physical layout of the office, it does not entitle Plaintiffs to inspect documents, the contents of drawers, or locations where no alleged sexual harassment of Plaintiffs occurred unless necessary to demonstrate that Plaintiffs were limited to certain pathways or locations in the office. That the inspection may result in the disclosure of alleged protected and/or confidential information of Defendants' or WellPoint's clients is tenuous, and the Court finds that WellPoint is able to take reasonable steps to protect its confidential and proprietary information that are not unduly burdensome. WellPoint's suggestion, without explanation, that it would take "significant time and expense" to relocate the confidential and proprietary information is not well taken.

Therefore, the Court Orders that Plaintiffs shall be permitted to inspect the interior and exterior of WellPoint's Merrillville Office, 1000 East 80th Place, Suite 503 South, Merrillville, Indiana 46410, for the purposes of inspecting and photographing the spatial layout of the office with the following restrictions:

1. Plaintiffs shall not be permitted to inspect documents or computers; open drawers; or enter closets or rooms or offices where no alleged sexual harassment of the Plaintiffs occurred unless necessary to demonstrate that Plaintiffs were limited to certain pathways or locations in the office;

2. The photographs shall be taken by a neutral third-party photographer after the close of WellPoint's normal business hours. The Court advises the parties to agree on a date that will cause

the least disruption of any after-hours work by WellPoint's employees. If certain employees are working during the scheduled session, WellPoint may ask them to briefly step outside during the inspection; and

3. WellPoint may take reasonable steps to preserve the confidential or proprietary nature of corporate or client information, documents, sales materials, or personal belongings, photographs, or information, including by advising employees to place any such materials out of view of a camera, by placing paper or some other protective covering over those items, and by having sufficient personnel present to monitor the photography session.

### B. Interrogatory No. 1 of Plaintiffs' Second Set of Interrogatories - Pay Information of Other Employees

Pursuant to Federal Rule of Civil Procedure 33, a party may serve interrogatories on any other party relating to any matter that "may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33. On October 31, 2008, Plaintiffs served their Second Set of Interrogatories on WellPoint and asked WellPoint to provide the following information:

> List all health insurance sales representatives (other than Plaintiffs) whom WellPoint employed in Indiana from January 1, 2005 to present. For each individual listed, please provide:
> a. The name of the individual;
> b. The date the individual began employment with WellPoint;
> c. The individual's starting rate of pay at WellPoint;
> d. If the individual is no longer employed by WellPoint, the date the individual was separated from employment and his/her rate of pay at separation;
> e. If the individual is currently employed by WellPoint, the individual's current rate of pay; and
> f. The total annual income that each individual earned from WellPoint in each year from 2005 to date as reported on the individual's IRS Form W-2.

Pl. Br., Exh. J. On December 11, 2008, WellPoint answered and objected to Plaintiffs' Second Set of Interrogatories as "overbroad, unduly burdensome, and not narrowly tailored to obtain relevant

information as it seeks state-wide information irrelevant to Plaintiffs' claims." Pl. Br., Exh. K. However, WellPoint did provide the names, start date, and termination date/current employment status of the two Plaintiffs, Ray Aimone, and Jerry Panozzo. As with the Request for Inspection, the parties engaged in a series of communications in an unsuccessful attempt to resolve the discovery dispute.

The Court finds that the requested information of the health insurance sales representatives (other than Plaintiffs) in the Merrillville Office is relevant to Plaintiffs' claims but that the requested information of the employees at other WellPoint offices in the State of Indiana are not relevant. Under Title VII, the equitable remedies of back pay and front pay are available. The Court finds that information regarding the annual income earned by other WellPoint agents located at the Merrillville Office from 2005 to present would help to show the income growth rate for other agents in the same relevant geographic location over roughly the same time frame that Plaintiffs worked at WellPoint. This, in turn, would inform a determination of how much Plaintiffs would have received from WellPoint during the same period. Thus, the incomes of other WellPoint sales agents in the Merrillville Office is reasonably calculated to lead to the discovery of admissible evidence about the Plaintiffs' damages. Of course, if this issue is presented to the Court, Defendants are free to argue the weight that should be given to the information as suggested by their arguments opposing this interrogatory.

The Court orders Defendants to respond to Interrogatory No. 1 of Plaintiff's Second Set of Interrogatories with the first sentence of the Interrogatory modified to read: "List all health insurance sales representatives (other than Plaintiffs) whom WellPoint employed in the Merrillville, Indiana Office from January 1, 2005 to present."

**CONCLUSION**

Based on the foregoing, the Court **GRANTS in part** and **DENIES in part** Plaintiffs' Motion to Compel [DE 22]. The Court **ORDERS** that Plaintiffs shall be permitted to inspect and photograph the interior and exterior of Defendant WellPoint's Merrillville Office subject to the restrictions set forth in the final paragraph of Part A of this Order. The Court further **ORDERS** Defendants to respond to Interrogatory #1 of Plaintiffs' Second Set of Interrogatories in accordance with the limits set forth in the final paragraph of Part B of this Order.

SO ORDERED this 2nd day of June, 2009.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record